CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

APR 3 0 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DORY MICHAEL EPPS, | ) | |
|    Petitioner, | ) | Civil Action No. 7:08-cv-00081 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, | ) | By: Hon. Glen E. Conrad |
|    Respondent. | ) | United States District Judge |

Petitioner Dory Michael Epps, Federal Register Number 53833-083, filed this pro se petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. Petitioner claims that his 2002 conviction and 2003 sentence should be set aside in light of Watson v. United States, ___ U.S. ___, 128 S.Ct. 579 (2007). Respondent has filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. Petitioner has filed a timely response, and the matter is ripe for the court's consideration. For the reasons stated herein, the court will grant respondent's motion to dismiss.[1]

---

[1] Petitioner was tried, convicted, and sentenced in the United States District Court for the Eastern District of Virginia, Norfolk Division. See U.S.A. v. Epps, Criminal Case No. 2:02-cr-00085-1. He filed a direct appeal, and the United States Court of Appeals for the Fourth Circuit affirmed. See Fourth Cir. Case No. 03-4234 (September 26, 2003). Petitioner is presently housed at United States Penitentiary, Lee County, in Jonesville, Virginia.

    A federal inmate wishing to challenge the validity of his conviction or sentence must ordinarily proceed by filing a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the court where he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Once an inmate has litigated one § 2255 motion, any second or subsequent § 2255 motion must be dismissed by the district court as successive unless the inmate obtains certification from the Court of Appeals to pursue a second § 2255. 28 U.S.C.A. § 2255(h). The Court of Appeals may certify a successive § 2255 motion for consideration by the district court if its claims are based on newly discovered evidence or on a "new rule of constitutional law" decided by the Supreme Court and made retroactive to cases on collateral review. § 2255(h). Petitioner has already pursued an initial § 2255 motion and is thus subject to the § 2255(h) ban on successive petitions. See Fourth Cir. Case No. 05-6275 (January 30, 2006) (denying a certificate of appealability and dismissing appeal of district court's orders denying motion filed under 28 U.S.C. § 2255 and denying as a second or successive § 2255 petition his motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e)). Petitioner's current claims do not fall under either of the grounds on which a successive § 2255 motion could be certified. It is likely for this reason that he did not file a § 2255 motion to raise his Watson claim before this court.

    Section 2241 authorizes the Supreme Court, its justices, any circuit judge, and the district courts to grant
(continued...)

Following a jury trial, petitioner was convicted and sentenced for, inter alia, "**possession** of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)."[2] U.S.A. v. Epps, Fourth Cir. Case No. 03-4234, slip op. at 1 (September 26, 2003) (emphasis added); see also U.S.A. v. Epps, Criminal Case No. 2:02-cr-00085-1, Superseding Indictment (E.D. Va., Norfolk

---

[1](...continued)
writs of habeas corpus "within their respective jurisdictions" upon a finding that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." Petitions under § 2241 are often used to challenge some aspect of the execution of an inmate's sentence, rather than the legality of that inmate's confinement itself, and must be filed in the district of confinement rather than in the sentencing court. United States v. Miller, 871 F.2d 488, 490 (4th Cir.1989). In rare circumstances when § 2255 is "inadequate or ineffective to test the legality of . . . detention," a federal inmate may instead challenge the fact of his confinement by seeking a writ of habeas corpus under § 2241. See § 2255(e) (often referred to as "the savings clause" of § 2255); Jones, 226 F.3d at 333. Like a petition challenging sentence execution, a § 2241 habeas petition challenging an inmate's physical custody should name as respondent the warden of the prison facility where the inmate is confined and be filed in the district court in whose territory that prison facility is located. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); Jones, 226 F.3d at 332.

Petitioner's collateral attack on the validity of his sentence may be addressed under § 2241. The "savings clause" in § 2255(e) opens only a narrow window of opportunity for an inmate to challenge the validity of his conviction or sentence under § 2241. The remedy provided under § 2255 is not rendered "inadequate or ineffective" merely because the inmate is unable to obtain relief under § 2255 for whatever reason. Jones, 226 F.3d at 333 (citing other cases). The United States Court of Appeals for the Fourth Circuit has recognized only one set of circumstances in which § 2255 is inadequate and ineffective to test the legality of a conviction:

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-334.

Under the Jones factors, the court concludes that the § 2255 remedy is "inadequate and ineffective" to test the legality of petitioner's confinement subsequent to the Watson decision. Only after his direct appeal and his unsuccessful § 2255 motion did the Supreme Court issue its opinion in Watson, and under Watson, petitioner's offense conduct (receiving guns in exchange for drugs) is arguably rendered noncriminal under the "use" prong of 18 U.S.C. § 924(c), the statute under which he stands convicted (although, as explained in the instant memorandum opinion, petitioner was convicted under the "possession" prong, not the "use" prong). Moreover, the Watson holding must be applied retroactively on habeas review, because it held that "a substantive federal criminal statute does not reach certain conduct." See Bousley v. United States, 523 U.S. 614, 620-21 (1998) (holding that Bailey v. United States, 516 U.S. 137 (1995), the decision reinterpreting "use" in § 924(c), applied retroactively on habeas review); Abreu v. United States, 911 F. Supp. 203, 206-07 (E.D. Va. 1996) (same).

[2] Petitioner was also convicted of the following: felon in possession of a firearm, possession with intent to distribute cocaine, and obstruction of justice.

2

Div., July 8, 2002).[3] Section 924(c)(1)(A) sets a mandatory minimum, consecutive sentence for any defendant "who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The Supreme Court's opinion in Watson holds that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." 128 S. Ct. at 586. And although the government argued in Watson that "a drug dealer who takes a firearm in exchange for his drugs generally will be subject to prosecution" under the "possession prong" of §924(c)(1)(A), the Court expressly stated that "[t]his view may or may not prevail, and we do not speak to it today." Id. at 585-86.

The United States Court of Appeals for the Fourth Circuit recently addressed this issue in United States v. Woods, Nos. 04-4223, 04-4231, 04-4232, 07-4331, 07-4395, slip op., 2008 WL 795312 (4th Cir. Mar. 26, 2008). Defendant Mark Woods argued, pre-Watson, that his receipt of a firearm in exchange for drugs did not constitute "use" under § 924(c)(1)(A). The Fourth Circuit held that Woods, who was charged under § 924(c)(1)(A) with possession of a firearm, rather than use, "obviously 'possessed' firearms, under any meaning of that term, when he obtained them in the course of his drugs-for-guns business." Woods, slip op. at 6. The Court further found that

> the fact that Mark possessed a firearm in furtherance of his drug business was more than adequately proven. Curtis Jackson testified that he traded firearms to Mark for drugs, and that testimony was buttressed by the seizure of those same firearms from the "green house." Therefore, we reject Mark's claim that there was insufficient evidence to support his § 924(c) convictions for "possession of a firearm."

---

[3] As a general rule, extrinsic evidence should not be considered at the 12(b)(6) stage; however, the Fourth Circuit has held that, when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (citations omitted). Petitioner's argument explicitly relies upon the Superseding Indictment, and he submitted a page from the Fourth Circuit's opinion regarding his direct appeal. Accordingly, the court may properly consider these documents without converting respondent's motion to dismiss to a motion for summary judgment.

3

Id. The Woods decision also holds that "§ 924(c) . . . creates distinct 'use and carry' and 'possession' offenses." Id. at 3 (citing United States v. Gamboa, 439 F.3d 796, 810 (8th Cir. 2006); United States v. Brooks, 438 F.3d 1231, 1237 (10th Cir. 2006); United States v. Combs, 369 F.3d 925, 933 (6th Cir. 2004).

In the instant case, "[t]he evidence showed that Epps accepted a gun from a drug customer in exchange for payment of a drug debt owed to Epps and as credit for further drugs, which Epps later supplied." U.S.A. v. Epps, Fourth Cir. Case No. 03-4234, slip op. at 2. Accordingly, the Fourth Circuit rejected as meritless petitioner's "contention that the evidence failed to show that the gun 'furthered' a drug trafficking crime" and found "that sufficient evidence supports Epps's conviction under § 924(c) for **possession** of a firearm in furtherance of a drug trafficking crime." Id. (emphasis added). Count Two of the Superseding Indictment charges that petitioner, "in or about October/November, 2001, did unlawfully and knowingly **possess** a firearm in furtherance of a drug trafficking crime." (Emphasis added). It is clear from the record that petitioner was charged with and convicted of "possession" of a firearm – not "use" of a firearm – and thus his petition must fail.

Like the defendant in Watson, petitioner received a gun in exchange for drugs. However, unlike the defendant in Watson, petitioner was charged with and convicted of "possessing" a firearm in furtherance of a drug offense, not "use."[4] The record clearly indicates that petitioner "obtained"

---

[4] Contrary to petitioner's assertion, the jury instruction he has submitted, defining "'IN FURTHERANCE OF' A DRUG TRAFFICKING CRIME," did not instruct jurors as to the elements of "using" a firearm in violation of § 924(c), and it is clear that the Superseding Indictment charged petitioner with "possession," not "use." See Woods, slip op. at 4-6 (citing United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999)) (instructional variances – not present in the instant case – regarding "use and carry" and "possess" did not rise to the level of a constructive amendment of the indictment). It is clear from the existing record that "[o]ne of the issues before the jury in this case was whether Epps's **possession** of the firearm was intended to **further** a drug trafficking crime." U.S.A. v. Epps, Fourth Cir. Case No. 03-4234, slip op. at 1 (emphasis added). Petitioner on direct appeal raised the challenge "that the evidence failed to show that the gun 'furthered' a drug trafficking crime," which was found
(continued...)

4

the firearm at issue "in the course of his drug trafficking activities," which constitutes "possession" under the Fourth Circuit's definition in Woods. Slip op. at 6. The evidence also established that, under the Woods definition, petitioner received the firearm and thus furthered his drug business. Id. Therefore, the court finds that petitioner's actions – as charged in Count Two of the Superseding Indictment, proved at trial, and affirmed on appeal – qualify as criminal conduct under the "possession prong" of § 924(c)(1)(A). The evidence in the cold record supports a finding that petitioner's conduct was criminal under the "possession" prong of the statute and does not come within the category of conduct that the Supreme Court found in Watson to fall outside the reach of the "use" prong of the statute. Thus, this court finds that petitioner has not met his burden of proof as a petitioner under § 2241 to establish that the conduct on which he stands convicted is not criminal so as to satisfy the requirements of In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).[5] Because he has not demonstrated that his continued confinement under the § 924(c)(1)(A) sentence violates the Constitution or laws or treaties of the United States so as to warrant relief under § 2241, the court must deny his petition.

For the foregoing reasons, the court will grant respondent's motion to dismiss.[6]

---

[4](...continued)
to be without merit, and he also filed a motion under § 2255, which was denied. Accordingly, even assuming the trial court's instruction defining "in furtherance of a drug trafficking crime" was inappropriate, it is not properly before the court in the instant § 2241 petition.

[5] See n. 1, supra.

[6] The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell,
(continued...)

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

**ENTER**: This 30th day of April, 2008.

/s/ Jack Conrad
United States District Judge

---

[6](...continued)
537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).